STATE, WILLIAM E. DODGE ET AL., PROSECUTORS, v. JAMES H. LOVE, COLLECTOR OF JERSEY CITY.

1.  The curative force of the act of March 23d, 1881, extends to all the proceedings in making and collecting the assessment.
2.  In the case of those non-resident in this state no method being prescribed for giving notice of application to increase valuations, no laches can be imputed for failure to do so. In such cases it is incumbent on the prosecutor to show affirmatively that the valuation made by commissioners of appeal is unjust, or it will be affirmed.
3.  In the case of resident tax-payers where notice is required, and has not been given, the assessment will be reduced to the valuation made by the assessor, unless evidence is taken to show its insufficiency, and application is made under the act of 1881 to increase it.

On *certiorari*.

Argued at June Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *W. C. Spencer*.

For the defendant, *John A. Blair*.

The opinion of the court was delivered by

VAN SYCKEL, J.    The writ in this case certifies for review the increased assessment upon lands of the prosecutors made by the board of finance of Jersey City acting as commissioners of appeal in cases of taxation.

To vacate this assessment the relators, who are non-residents in this state, rely upon various alleged irregularities in the proceedings before the commissioners of appeal.

Dodge v. Love.

Since the passage of the act of March 23d, 1881, page 194, it is unnecessary to consider the reasons relied upon for reversal.

The curative force of this statute is not restricted to the proceedings of the assessor in making the original assessment. *Clark* v. *Mulford,* 14 *Vroom* 550.

Every step taken in the course of perfecting and finally adjusting the valuation is as much part of the assessment as the act of the assessor in making the valuation originally.

The act is remedial and should be liberally construed to embrace within its scope all the steps necessarily taken in levying the public revenues. That such was the legislative purpose is manifested by the fact that its operation is expressly extended to the proceedings for the collection as well as for the assessment of taxes. It could not have been intended to exclude the intermediate steps between the initial and final procedure.

The legislature has withheld from this court the power to set aside an assessment for any irregularity or defect in form or illegality in assessing or levying the same.

The commissioners in this case met on the day fixed by law, and adjourned from time to time until the business before them was disposed of.

If notice to the prosecutors that application to increase the assessment certified was necessary, the evidence shows that sufficient notice was given. But, in my judgment, the statute does not contemplate notice to non-residents in this state. The seventy-ninth section of the general tax law (*Rev., p.* 1158,) requires the collector to notify the individual or corporation whose property has been assessed at too low a rate, that complaint will be made to the commissioners of appeal, at least ten days before the commissioners meet, and that such notice shall be served by delivering the same to said individual or by leaving it at his dwelling-house. This applies to residents and not to any extra-territorial notice. Otherwise a duty is imposed on the collector which he could not perform, and in most cases the attempt to increase the assessment of non-residents would prove abortive. The proceeding is *in*

*rem*, and is not within the rule that it cannot be initiated and consummated without notice, where the interests of residents of other states are involved, in the absence of a statute requiring notice to be given.

The act requires notice to be served personally or to be left at the dwelling-house. No other mode of giving notice will satisfy the statute, and therefore if it applies to non-residents the prescribed method must be observed, whether the taxpayer resides in New York city, California, or beyond the seas.

In respect to notice, no error appears in the proceedings.

This court is empowered, if need be, to ascertain and determine for what sum the property was legally liable to taxation.

No laches can be imputed to the collector in this instance. The prosecutors, therefore, were not deprived by any act or neglect of the public authorities of the opportunity to be heard before the commissioners of appeal. It is consequently incumbent on the prosecutors to show affirmatively that the estimate of value made by the commissioners of appeal was unjust or excessive. If such evidence had been presented to the court, relief would be granted by making the proper rebate. No such testimony having been produced in this case, the presumption must prevail that the increased assessment is just, and that no necessity for reviewing it exists.

In the case of resident tax-payers the law provides how notice of intention to increase assessments shall be given. The neglect to give such notice deprives the resident of an opportunity to be heard in his own behalf. He is entitled to the judgment of the appellate body after he has been heard. Therefore, in the latter instance, if notice has not been given the assessment will not be supported by the presumption which upholds the former case, but it will be reduced to the valuation made by the assessor, unless evidence is taken to show that it is insufficient, and application is made to this court under the act of 1881 to fix a fair valuation.

This was the rule adopted by the court in Clark *v.* Mulford, before cited.

The assessment must be affirmed.